## HENRY KUTZMEYER *vs.* HENRY ENNIS.

1. The erroneous rejection of a copy of a contract offered in evidence, constitutes no ground of reversal, if the original contract be afterwards admitted.

2. Where an action for work and labor is founded on an express promise made by the defendant, neither the record of a judgment recovered by a third party against the defendant for the same work nor the satisfaction of such judgment is competent evidence by way of defence.

3. Where the testimony given on a former trial is offered as the declaration or admission of a party to the suit in which it is offered, the production of the record of the former trial is not necessary to authorize the admission of the evidence.

4. If the promise to pay the debt of another is founded upon a new consideration passing between the parties to the promise, and giving to the promisor a benefit which he would not otherwise have enjoyed, the promise will be enforced though not in writing.

Error to the Hudson Circuit. The action below was brought by a sub-contractor, against the owner, to recover for work and labor in the construction of a house. Judgment in the court below was rendered in favor of the plaintiff. The facts appear in the opinion of the court.

Argued at November Term, 1858, before the CHIEF JUSTICE, and Justices OGDEN, VREDENBURGH, and WHELPLEY.

*I. W. Scudder*, for the plaintiff in error.

*Fleming*, for the defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE. Henry Kutzmeyer, the defendant in the court below, on the 28th of March, 1854, entered into a written contract under seal, with John Riley and William L. Goodwin, to erect certain buildings for him in the county of Hudson, at a stipulated price. Ennis, the plaintiff, did work upon the said buildings, at the request of the contractors, and upon a written agreement with one of them. The contractors having failed to pay him for his work, on the 7th of December, 1854, the plaintiff gave notice in writing to the defendant, pursuant to the provisions of the third section of the lien law, that there was due from the contractors $209.12 for work done by him on the defendant's house; that payment of the amount had been demanded of the contractors, and refused by them, and requiring the defendant to retain the amount so due to the plaintiff out of any money due from the

defendant to the contractors on account of the contract for the erection of said houses. The declaration contains two counts. The first count sets out the foregoing facts, and seeks to establish the defendant's liability under the provisions of the third section of the mechanics' lien law. *Nix. Dig.* 487. The second count is *indebitatus assumpsit* for work and labor.

There was judgment against the plaintiff upon demurrer to the first count of the declaration. The trial before the jury was upon the general issue to the second count. Verdict for the plaintiff. The defendant below brings the writ of error.

In support of the issue, the plaintiff below offered evidence tending to prove an express promise by the defendant to pay the plaintiff for the work done by him upon the buildings. If the jury believed the witnesses, there was sufficient evidence to establish the plaintiff's case, and to entitle him to a verdict.

The defendant, by way of defence, offered in evidence, and proposed to read to the jury, the copy of the contract for the erection of the houses, attached to the plaintiff's declaration. This evidence was objected to and overruled. This constitutes the first ground of exception. Admitting the evidence offered to have been competent to show the existence of the contract, and to have been improperly overruled, there is no error which prejudiced the defendant. The original contract was immediately afterwards offered and received in evidence, its execution having been admitted.

The defendant then offered in evidence the record of a judgment recovered by Riley & Goodwin, the contractors, against Kutzmeyer, upon the contract for building the house. He also offered to prove that the action in that case was brought, and judgment recovered for the same work for which this action was brought by Ennis, the sub-contractor. This evidence was overruled; and its rejection forms the second ground of error.

The only evidence in support of the plaintiff's action was an express promise by the defendant to pay for the work. The plaintiff did not rely on the fact that the work was done at the defendant's request or for his benefit, but on the fact that he had expressly promised to pay it. In this aspect it was entirely immaterial whether the work was within the original contract of Riley & Goodwin for building the house, or whether they had recovered judgment against the defendant for it, or had actually received the price. Neither of these facts, if established, could at all impair the contract of the defendant with the plaintiff. Nor was the record of the former trial necessary to authorize the introduction of Ennis' evidence on that trial as evidence against him in this case. When the evidence of a witness on a former trial, who is dead or absent, is proposed to be introduced as evidence between the same parties in another trial upon the same subject matter, the record must of necessity be introduced to show the fact of the trial and of the identity of the parties and of the subject matter. 1 *Greenl. Ev.*, § 163.

But that principle has no application in the present case. The testimony of Ennis on the former trial was introduced simply as showing his own deliberate admissions or statements, as against himself or against the claim set up in the present suit. What was the subject matter, or who were the parties in the suit in which the evidence was given, or whether in fact there was any suit pending, are matters of perfect indifference as to the admissibility and effect of his statements. 1 *Greenl. Ev.*, § 552.

Nor was it competent for the counsel on the former trial, in testifying to the evidence of Ennis, to read his notes of evidence. He was bound to state from his memory what was sworn to, or to state that on recurring to his notes, they contained substantially what the witness did say. Nor was there error in overruling the offer

to prove that Kutzmeyer had paid the judgment recovered by Riley and Goodwin. That could in no wise affect Ennis' right of recovery on his contract with the defendant.

It is further assigned for error, that the court refused to charge the jury that Ennis, having by his notice under the mechanics' lien law admitted that the work he now claims for was done for the contractors, and not for Kutzmeyer, estopped him from bringing his action for the same claim against Kutzmeyer. But how does the fact that credit was originally given by Ennis to the contractors, and not to Kutzmeyer, prevent Kutzmeyer from promising to pay the claim or estop Ennis from enforcing the promise? The notice given by Ennis, in order to enforce the claim under the lien law, his evidence that the work was done by the contractors for Kutzmeyer, the form of the special count in this action, and the contract of Ennis with Riley, annexed to the declaration, all show clearly that Ennis understood that he gave credit, originally, to the contractors, and not to Kutzmeyer. But the question is not to whom the credit was originally given, but whether Kutzmeyer did not afterwards assume the liability. If he did, (if the jurors believed the witnesses who testified to that fact) then the claim of Ennis against Kutzmeyer cannot operate by way of estoppel to bar the plaintiff's right of recovery.

It is further assigned for error that the court should have charged the jury that the receipt of 15th January, 1855, being a receipt in full, prevented a recovery in this suit. But the receipt is the joint receipt of Henry and Joseph Ennis, and purports, therefore, to be a receipt in full of their demands, and not of the individual demands of either. Nor does it on its face purport to be a receipt in full of all demands, except upon the contract of 1st December, 1854. The court, in its charge, gave quite as much effect to the receipt as the rules of law would permit.

The counsel of the defendant further requested the

Kutzmeyer v. Ennis.

court to charge the jury that the plaintiff, Ennis, having done the work under the contract with Riley, dated the 6th of September, 1854, any promise on the part of Kutzmeyer to pay for such work being a promise to pay for the debt of another, to be binding should be in writing, and the court declined so to charge, on the ground that a part performance of the contract by Ennis would take the case out of the statute.  The court was right in refusing to charge as requested, though the reason assigned for the decision may not be valid. The real ground on which the decision stands is, that the promise is not within the statute of frauds.  The rule is, that where the promise to pay the debt of another is founded upon a new consideration, and this consideration passed between the parties to the promise, and gives to the promisor a benefit which he did not enjoy before, and would not have possessed but for the promise, then it will be regarded as an original promise, and therefore will be enforced, though not in writing.  1 *Parsons on Con.* 498.  This is the precise position of the parties in this case.  The evidence tends to show, and if the jury believe the plaintiff's witnesses, does show, that though the work was originally undertaken by Ennis at the instance of the contractors, yet he refused to proceed, and the work was stopped until Kutzmeyer promised payment. The work was not done for a third party, but for Kutzmeyer himself.  He was interested in the completion of the work. He received the benefit of it, and he had it in his power to idemnify himself for the advances to Ennis by withholding the money from the contractors.  The case falls directly within the authority of *Dixon* v. *Hatfield,* 3 *Bing.* 439; *Chit. on Con.* 450.

There is no error apparent on the record, and the judgment must be affirmed.

Cited *in Lyons* v. *Davis,* 1 *Vr.* 303; *Cowenhoven* v. *Howell,* 7 *Vr.* 327.